Christian, J.
This is a writ of error'to a judgment of the circuit court of Accomac county.
The suit was brought by tile personal representative of Warner to 'recover damages of Matthews, under the 7th and 8th sections of chapter 145, Code of 1873, which provide that a claim for damages may be maintained by the personal representative of one whose death has been occasioned “by the wrongful act, neglect, or default of any person or corporation.” The certificate of facts show that Warner was shot and killed by Matthews under circumstances which, if not such as the law declares to be murder in the second degree, or, at the very least, voluntary manslaughter, certainly must be held to be a wrongful act. Suit was brought by the administrator of the deceased under the statute above referred to, and a verdict was recovered against the plaintiff in error for the sum of seven hundred dollars, for which judgment was rendered by the circuit court, and to this judgment a writ of error was awarded by one of the judges of this court.
*The first error assigned is the action of the court overruling the demurrer to the declaration.
The demurrer was intended to assert the proposition, that in an action under the statute, by the personal representative of the person killed, it is necessary to aver in the declaration for whose benefit the suit is prosecuted, whether the family of the deceased, parent, wife or child, or for his creditors, and that under the statute this is essential to enable the jury to distribute the damages in such proportions as they may direct.
This question has been already settled by this court. In the case .of Baltimore and Ohio Railroad Company v. Wightman, decided at the present term, Judge Staples, in an elaborate opinion, in which he carefully compares the Virginia statute with those of other states, and reviews the decisions under these statutes, founded upon their peculiar requirements and phraseology, reaches the following conclusion, which was concurred in by the whole court: “The statute was designed to give the personal representative a *531 right of action wherever the deceased would have had it, had he lived. The declaration must, therefore, always state such facts as will show a good cause of action on the part of the deceased himself (if he were living). And this would seem to be the only test prescribed by the statute. The defendant knows that the damages are primarily for the benefit of the family, for so the law declares, and he can be very rarely surprised by the evidence on this point. The manner in which the damages are to be distributed is no concern of the defendant and not under control of the plaintiff. It is a question for the jury exclusively, not ■ involved in the issue. It is very probable that no serious inconvenience would result from requiring the plaintiff to state for whose benefit the action is brought, but such an averment is not essential to the action. If we require it to *be made merely because it has a material bearing upon the question of damages, it will be difficult to assign a limit to allegations of that character. In simplifying all the proceedings and pleadings we best promote the objects of the statute.” Upon the question, therefore, raised by the demurrer in this case without repeating the argument and the authorities relied upon by Judge Staples, T shall content myself with saying that upon the principles and authorities cited in Baltimore and Ohio Railroad Company v. Wightman, and which are equally applicable to this case, there was no error in the judgment of the circuit court of Accomac in overruling the demurrer to the declaration.
The second error assigned is the refusal of the court to give the instructions asked for by the defendant (plaintiff in error here), as set forth in the third bill of exceptions, which instruction is as follows: “If the jury, from the evidence, should find for the plaintiff, then the measure of damages in this action is the pecuniary loss sustained by Sinah Tunnell, the mother of the plaintiff’s intestate, by reason of the death of the said Montesco Warner, and the jury, in assessing the damages, must confine themselves to injuries of which a pecuniary estimate can be made in reference to a reasonable expectation of pecuniary benefit, as of right or otherwise, to his said mother, from the continuance of the life of the said Montesco Warner, and cannot take into consideration the mental suffering occasioned by his death to his said mother.”
This instruction was refused by the circuit court, and presents for our consideration the important question, What is the true construction to be given to the statute respecting the measure of damages which it prescribes? Whether the jury is confined in its estimate of the damages incurred by the death of the party to the pecuniary loss ^thereby sustained by the party for whose benefit the suit is brought, or whether they are justified in giving punitive and exemplary damages. This statute, in this respect, has never been construed by this court; indeed, it has been upon the statute book but a few years, and few cases have arisen under it in this state. We must, therefore, look to the English statute and the statutes of other states of the Union, and the decisions under those statutes in order to arrive at the true interpretation to be given to our own.
The seventh section of our statute is toti-dem verbis with the corresponding section of the English statute: “§ 7. Whenever the death of a person shall be caused by the wrongful act, neglect or default of any person or corporation, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured, or if she be a married woman, her husband, either separately or together with her, to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony: provided, that in no case shall the recovery exceed the sum of ten thousand dollars.” The second section of the English statute provides that “every such action shall be for the benefit of the wife, husband, parent and child of the person whose death shall be so caused, and shall be brought by and in the name of the executor or administrator of the person deceased; and in every such action the jury may give such damages as they may think proportioned to the injury resulting fi-om such death to the parties respectively for whose benefit such action shall be brought; and the amount so recovered, *after deducting the costs not recovered from the defendant, shall be divided amongst the before-mentioned parties in such shares as the jury, by their verdict, shall find and direct.”
The statutes of most of the states of the Union do not differ materially from the English statute, except as to the parties who may recover, and for whose benefit suit may be brought, and except as to the limitation of the amount that may be recovered. In nearly all of them the recovery is limited either in express terms, or by necessary implication to such damages as are pecuniary and actual, and not exemplary. Under the English act, and those modelled after it in the states, the courts have uniformly held that nothing can be allowed as damages under those statutes on account of the physical or mental sufferings of the deceased, or for the sorrow, sufferings or grief of the surviving relatives who may be entitled to recover, but that the damages provided for and recoverable under them are only such as are pecuniary and actual, and not exemplary. Field on Damages, § 630, and cases there cited.
But these, decisions, many of which were strongly relied on by the learned counsel of the appellant, are made under statutes which, either in terms or by fair construction, forbid the recovery of punitive and exemplary damages. Such decisions can only be authority when we find the statutes upon which they are founded of like character with ours. The Virginia statute differs most materially from *532 the English statute and those of the states (as nearly all are) modelled upon the English statute, in. this most important particular. In the section which defines the character of the damages recoverable under these statutes, the English statute declares that “in every such action the jury may give such damages as they may think proportioned to the injury resulting *from such death to the parties respectively for whose benefit such action shall be brought.”
The statute of New York, and of all the other states, modelled upon the English statute, are found to be in the following terms, or those of like import: “The jury may give such damages as they may deem fair and just compensation (not exceeding a specified sum), with reference to the pecuniary injuries resulting from such death to the parent next of kin,” &c., &c. In our statute, instead of these words, or words of like import, being employed, it is declared that “the jury in any such action may award such damages as to it may seem fair and just,” &c. Certainly, in the Virginia statute, there are no words of limitation as in the English statute, and those modelled thereon, confining the jury in the assessment of damages to merely pecuniary injury; but, by the very terms of the statute, the damages are such “as to the jury may seem fair and just.” We are bound to presume that the legislature which enacted this law was familiar with the English statute, and those of the other states of the Union, and of the English and American decisions under them. And it is a most significant fact, that with the English and American statutes before them, and familiar with the decisions under them, the legislature, after following the English statute and the New York statute up to the point where the measure of damages in the one case is declared to be “proportioned to the injury,” and in the other “with reference to the pecuniary injuries resulting from such death,” at that point, discarded these terms, and in lieu thereof adopted the language, “such damages as to the jury may seem fair and just.” It is impossible to conceive that the omission of such language, and the adoption of other terms meaning the very reverse, could have been accidental. We must conclude that it was done with a design, and that design ^plainly, by all the recognized rules of construction, was to declare that in an action for the death of a party caused by the wrongful act, neglect or default of any person or corporation, such damages may be recovered “as to the jury may seem fair and just.”
I think it is manifest that the legislature intended, as in Kentucky, Iowa, Connecticut, and California (which states are exceptional to the English statute), to allow the jury in such cases to award punitive and exemplary damages.
It was argued very earnestly by the learned counsel for the appellant, that such a construction of the statute as we have here given would result in great injustice, if juries are to be turned loose to assess damages according to their own notions, as to compensation for the mental sufferings and agony of a mother losing her child, or of a wife losing her 'husband, unrestrained by statutory enactment confining them to the actual pecuniary injury resulting from death. There are two answers to such arguments — one is ita est scripta lex. The other is — we must presume the legislature knew the force and effect of their own enactments. They must have been cognizant of the statutes and the decisions under them. And they must, with such knowledge, have known the force and effect of the language they used. It may be they intended, as they must have intended to make no distinction in a case where a man of full vigor, devoting his whole life and service to the support of his family, was killed by wrongful act, negligence or default, and an aged man or woman, or a child or cripple who was utterly dependent, whose death is caused in the same way. In either case, as the law is written, the person or corporation by whose wrongful act, default or negligence the death is caused, is liable in damages, and in such damages “as to the jury may seem fair and just.”
*But if the law as it is written is unjust and oppressive, and contrary to the laws of most of the other states of the Union, it is for the legislature to change the law. This court can neither amend or annul the statute law, (unless it be unconstitutional). That is the province of the legislature. This court can only interpret the law as we find it; and so interpreting it, we are constrained to say, that under our statute the jury are not confined to mere pecuniary damages, and that the circuit court did not err in refusing the instruction offered by the plaintiff in error.
The third ground of error assigned is that raised by the 4th bill of exceptions, which is in these words:
“After the hearing of the evidence, the defendant, by his counsel, moved the court to instruct the jury as follows: ‘That if the jury believe, from the evidence, that the death of the deceased, Montesco Warner, was the result of his own misconduct or neglect, then the jury must find for the defendant.’ ”
This instruction the court refused to give. I am of opinion, that there was no error in such refusal. This is not a case in which contributory negligence can be pleaded. The death in this case was not caused by negligence; it was caused by violence — by a wrongful act. It was sufficient, as the court instructed the jury, that they must believe that the death was caused by a wrongful act before they could find a verdict for the plaintiff. If the death was caused in self-defense, then it was not a wrongful act; but if it was caused under such circumstances as to constitute a wrongful act, whether it was murder in the first degree, or murder in the second degree, or manslaughter, it is still a wrongful act, which is actionable under the statute. Whether the death was caused under such circumstances as the law would make murder or manslaughter, the loss of those *entitled to recover is the same. It is death by a wrongful act, and therefore *533 compensatory in damages, though it may be in such case a question affecting the measure of recovery.
The fourth and last ground of error assigned here, is the refusal of the court to set aside Ihe verdict and grant a new trial as contrary to the law and evidence. The same questions raised under this motion have already been considered under the second assignment of error, and it is sufficient to say that for the reasons already given, the court committed no error in refusing a new trial.
We have thus disposed of all the errors assigned in the petition for writ of error and urged in argument here. There was, however, one other question raised by bill of exceptions in the circuit court, which, though not assigned as ground of error, it may be proper to notice.
That exception was to the refusal of the court to continue the case for the absence of the witness, Taylor. This witness, it seems, was summoned for the plaintiff. He was not summoned for the defendant until the day when the cause was called for trial. The excuse for not summoning him at an earlier day was that the materiality of his evidence was not known to his counsel until that day. But it was proved that the deposition of this same witness, disclosing the facts now relied on as material, had been filed in the clerk’s office of Accomac county, with other evidence taken at the coroner’s inquest, for several months before the trial; and if due diligence had been exercised by the plaintiff in error or his counsel, the fact could surely have been ascertained as to the materiality of the witness, so as to summon him and compel his attendance. The summons, at the term, and on the very day fixed for the trial, came too late to justify the court in the continuance of the cause; and *such motion was properly overruled. This court has repeatedly held, that upon questions of the continuance of a cause, very large discretion must of necessity be vested in the court of trial. It is only in a clear case, where this discretion has been abused, and injustice has been done, that the appellate court will interfere. Especially it ought not to interfere, I think, in a case where the failure to grant a continuance is not even assigned as ground of error in the appellate court.
Upon the whole, I am of opinion, there is no error in the judgment of the circuit court of Accomac, and that the same be affirmed.
Anderson and Burks, J’s, concurred in the opinion of Christian, J.